

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CASE NO. 9:05-CR-35** |
| | § | |
| **LAURA NICOLE ROEHRIG** | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE**
**BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Laura Nicole Roehrig, violated conditions of supervised release imposed by United States District Judge Callie V.S. Granade of the Southern District of Alabama. The Government filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of Defendant's supervised release [Clerk's doc. #2]. The Court conducted a hearing on December 27, 2006, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that Defendant has violated conditions of supervision and recommends that such violation warrants the revocation of her supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that her plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On August 19, 2003, the Honorable Callie V.S. Granade, United States District Judge for the Southern District of Alabama, sentenced Ms. Roehrig after she pled guilty to the offense of receiving, possessing and concealing a stolen firearm, a Class C felony. Judge Granade sentenced the Defendant to ten (10) months imprisonment and three (3) years of supervised release. The supervision term was subject to the standard conditions of release, plus special conditions to include the defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse as directed by the Probation Office; and Defendant shall participate in a program of mental health counseling as deemed necessary by the probation officer. On July 23, 2004, Laura Nicole Roehrig completed her period of imprisonment and began service of the supervision term.

On October 21, 2005, jurisdiction over this criminal proceeding was transferred from the

Southern District of Alabama to the Eastern District of Texas, pursuant to the orders of Judge Granade and United States District Judge Ron Clark. Accordingly, the case is now assigned to the docket of Judge Clark.

### B. Allegations in Petition

The United States alleges that Defendant violated the following mandatory condition of supervised release:

> *The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.*

Specifically, Ms. Roehrig submitted a urine specimen that tested positive for marijuana on March 29, 2005.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered the following evidence as its factual basis for the allegations set out *supra*. The Government would provide the testimony of United States Probation Officer Dominic Morrison. He would testify that on March 29, 2005, he collected a urine specimen from the Defendant, Laura Nichole Roehrig, which yielded a positive test result for marijuana. As an exhibit, the Government also offered the chain of custody documents and laboratory report showing that the specimen submitted by the Defendant on March 29, 2005, yielded a positive test result for cannabinoid 50, the active ingredient in marijuana. The Government would also present an exhibit entitled *Response to Allegation of Violation(s) of Conditions of Supervision*. That document is signed by the Defendant and the Probation Officer, and it shows that the Defendant admitted to using marijuana. USPO Morrison would testify that this document was executed on

April 11, 2005, after he questioned the Defendant about the positive test result.

Defendant, Laura Nicole Roehrig, offered a plea of true to the allegations. Specifically, she agreed with the evidence presented and pled true to the allegation that she used a controlled substance violation of her supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a mandatory condition of her supervised release by using marijuana, a controlled substance. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon Ms. Roehrig's criminal history category of I and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from three (3) to nine (9) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (Citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997)(Citations omitted).

Here, the evidence and Defendant's admission support a finding that she violated her supervision conditions. Ms. Roehrig knowingly and voluntarily pled true and agreed with the Court's recommended sentence for that violation. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing* [Clerk's doc. #13].

Accordingly, based upon Defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate further recommends that the District Court order Defendant to serve a term of six (6) months imprisonment, with credit for time already spent in federal custody on this matter. Finally, the Court recommends that Ms. Roehrig receive no new term of supervision upon her release.

**OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 3rd day of January, 2007.**

*[signature]*
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE